520 A.2d 53

**COMMONWEALTH of Pennsylvania**

v.

**George KOECK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 1, 1986.

Filed Jan. 20, 1987.

Helen P. Woolley, Huntingdon, for appellant.

Stewart Kurtz, Huntingdon, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and TAMILIA, JJ.

TAMILIA, Judge:

This appeal arises from the dismissal of appellant's appeal to the Court of Common Pleas from a summary conviction for speeding. The appeal was dismissed upon motion of the Commonwealth due to failure of appellant to file his appeal within the requisite 30 days. Pa.R.Crim.P. 86(a).[1]

The relevant facts are as follows: Due to his failure to appear at the district magistrate's hearing, appellant was found guilty of speeding on July 8, 1985. The 30th day of the appeal period was Wednesday, August 7, 1985. Unfortunately for appellant, the Huntingdon County prothonotary's office closes at noon on Wednesdays; consequently, he was unable to file the appeal that afternoon. Appellant argues that the County's practice of closing the prothonotary's office at noon on Wednesdays without any provisions for an officer of the court to remain available to accept papers for filing or to remain on call or even within the county was a breakdown in the court's operation. He also argues lack of prejudice to the Commonwealth in that the appeal was filed promptly on the 31st day and that because counsel was from out of town and unaware of the "closing early on Wednesday custom," he did not knowingly waive his constitutional right to appeal.

We agree with appellant and find that the appeal filed on the 31st day was timely because the prothonotary's office was closed for one-half of the 30th day.

The rules provide thirty (30) days, not twenty-nine and one-half (29½) days, in which to appeal to the Common Pleas Court from the judgment of sentence of a district justice in a motor vehicle speeding case.

The Rules of Construction concerning computation of time, 1 Pa.C.S.A. § 1908, read:

1. At the time this case was pending in the trial court the pertinent rule was Pa.R.Crim.P. 67(c).

## § 1908. Computation of time

When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

The Rules of Construction, 42 Pa.C.S.A. Rule 106, read:

### Rule 106. Computation of Time

(a) When any period of time is referred to in any rule, such period in all cases, except as otherwise provided in Rules 107 and 108, shall be so computed as to exclude the first and include the last day of such period.

(b) Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

Without question, these rules of construction apply equally to appeals from a district justice to the Common Pleas Court.

Since the rules require us to exclude the first day and include the last day of any computation, the last day of computation was a Wednesday. But the rules also require that when the last day falls on a holiday, that day shall be excluded from computation, if it is a legal holiday. The last day in this case was a partial or half-day holiday, and as such, would have been excluded if it was a legal holiday. No rule or statute declares Wednesday a half-day legal holiday in Pennsylvania. See 44 P.S. § 1 Process not to be served on Sunday and § 11 Holidays designated; bank holiday; presentation and paying of instruments.

Since this day does not qualify as a legal holiday, closing of a court-related office is subject to regulation by the

court, which can and should require it to be open to the public at all appropriate times for the receipt and filing of legal documents and to excercise the power and authority as an officer of the court. 42 Pa.C.S.A. § 2737 provides:

§ **2737. Powers and duties of the office of the prothonotary**

The office of the prothonotary shall have the power and duty to:

(1) Administer oaths and affirmations and take acknowledgements pursuant to section 327 (relating to oaths and acknowledgements), but shall not be compelled to do so in any matters not pertaining to the proper business of the office.

(2) *Affix and attest the seal of the court or courts to all the process thereof and to the certifications and exemplifications of all documents and records pertaining to the office of the prothonotary and the business of the court or courts of which it is the prothonotary.*

(3) Enter all civil judgments, including judgments by confession.

(4) Enter all satisfactions of civil judgments.

(5) *Exercise the authority of the prothonotary as an officer of the court.*

(6) *Exercise such other powers and perform such other duties as may now or hereafter be vested in or imposed upon the office by* law, home rule charter, *order or rule of court,* or ordinance of a county governed by a home rule charter or optional plan of government. (emphasis added)

It would, therefore, appear that even though this was a locally mandated non-legal holiday, it was within the power and responsibility of the court to assure that the office was open for the purpose of receiving court documents during regular business hours. In this regard, while the court is not governed by the legislative and executive branch or administrative rulings, it is informative that the Administrative Code, 71 P.S. § 81, provides:

### § 81.  (Adm.Code § 221).  Office hours

All administrative offices of the State Government shall be open for the transaction of public business at least eight hours each day, except Saturdays, Sundays and legal holidays.  The hours when such offices shall open and close shall from time to time be determined by the Executive Board.

In many matters, in the regulation of the courts, the Supreme Court has followed the Administrative Code. There is no reason to believe that in this case or under these circumstances similar requirements should not be enforced.

In conclusion and in consideration of the factors detailed above, we hold that the thirty-day appeal time from a conviction must include a full working day on the thirtieth day or it must be treated as a holiday.  However, to construe this half day as a holiday would appear contrary to the rules since it is not a proper legal holiday and, therefore, it must be treated as a breakdown in the operation of the court, since the court had the authority and duty to require that the office be open for business during the entire working day.  We do not believe it is relevant that the appellant failed to seek out the prothonotary at his home or waited until the last day to file his appeal.  The appeal was required to be filed in the prothonotary's office and the time permitted for that purpose was thirty full working days and not twenty-nine and one-half.  We believe the court could eliminate this problem by ordering that the prothonotary have a person available in the office to receive and file such actions.

For the above stated reasons, the Order of the lower court is reversed and this case is remanded for a trial de novo in accordance with this Opinion.[2]  Jurisdiction is relinquished.

ROWLEY, J., dissents.

2. In its brief, appellee/Commonwealth, by its own admission, "perhaps erroneously, perceive[d] several other issues." (Appellee's brief at 1).  We agree the issues are erroneous and will not consider them; the sole issue pending before this Court is the appellant's compliance with the thirty-day appeal period.