## PPL Holtwood LLC v. Tax Claim Bureau of Pike County

C.P. of Pike County, no. 68-2002-Civil.

*Malcolm J. Gross* and *Michael A. Henry,* for appellant.
*Jan Iokuta,* for appellee.

THOMSON JR., *P.J.,* January 31, 2002—This matter arises out of the exceptions to a tax claim filed by appellant, PPL Holtwood LLC. The issue is whether the court

should grant PPL's petition for appeal when the exceptions were received by the appellee, the Tax Claim Bureau of Pike County after the statutory date by which the tax claim becomes absolute.

## 1. FACTS

Because there are many matters pending before this court with regard to various appeals by PPL from its tax assessments, the court feels it necessary to detail the facts of this particular case to avoid confusion in future matters.

Sometime between May and June 2001, the tax claim bureau sent PPL a notice of return and claim pursuant to 72 P.S. 5860.308. The notice was to address the non-payment of taxes on 4,673.43 acres of land located in Palmyra Township and on certain improvements such as dam buildings, a warehouse, an office, and a flume line. The total amount due as of May 2001 was $2,845,896.60.

In addition to the statutorily required "Warning" of consequences for failure to pay the claim or failure to take legal action to challenge the claim, the tax claim bureau placed the following language in the notice:

"Notice is hereby given that the property described has been returned to the Tax Claim Bureau of Pike County for non-payment of taxes and a claim has been entered under the provisions of Act no. 54 of 1947. If *payment of these taxes is not made to the tax claim bureau before December 31 of this year, or no exceptions filed, the claim will become absolute.* A one-year period for discharge of tax claim will commence or has commenced to run on July 1 of this year. If the claim is not paid in full before

the end of this one-year period, the property will be advertised for and exposed to sale pursuant to the provisions of the act as amended and there shall be no redemption after the actual sale." (emphasis added)

PPL claims to have "filed" exceptions to the claim in a timely fashion. The exceptions were deposited with Federal Express for mailing on December 29, 2001. Federal Express attempted to make delivery on December 31, 2001. The tax claim bureau was closed on that date pursuant to the Pike County 2001 schedule of holiday closing which was adopted on December 27, 2000 by the commissioners of Pike County. Thus, with the tax claim bureau having been closed on Monday, December 31, 2001 (New Year's Eve) and Tuesday, January 1, 2002 (New Year's Day), the exceptions were delivered to the tax claim bureau on Wednesday, January 2, 2002, at 11:43 a.m.

By letter dated January 3, 2002, the tax claim bureau issued a letter stating no action would be taken on the exceptions as the exceptions were not timely filed and the claim had become absolute. PPL, through its petition for appeal, now requests this court to declare the exceptions were timely filed and remand the exceptions to the tax claim bureau for a hearing pursuant to section 314 of the Real Estate Tax Sale Law.

## 2. ISSUES PRESENTED

In addition to PPL's argument that its exceptions were timely filed, PPL also suggests that if the letter dated January 3, 2002, from the tax claim bureau constitutes an actual or deemed denial of the exceptions, the denial

is unjustified as no hearing was held. However, the very case cited by PPL as support for its having a statutory due process right to a hearing also specifies that refusal to hold a hearing does not constitute a decision on exceptions. See *Montgomery County Tax Claim Bureau Appeal,* 204 Pa. Super. 409, 205 A.2d 104 (1964) Thus, any further discussion of the letter as an actual or deemed denial is unwarranted and will only burden the statutory interpretation to be applied to the specific issue at hand: whether the exceptions were timely filed, or the claim is absolute?

In the same manner and for the same purpose, the court will eliminate from its further consideration two arguments made by the tax claim bureau. First, the tax claim bureau directed the court's attention to section 314(e) of the Real Estate Tax Sale Act which states that, "no taxpayer shall have the right to proceed by petition to the court of common pleas to open a claim absolute under the provisions of this Act, except on the ground of payment of the tax involved or failure to receive notice."

There is no dispute as to the notice having been received by PPL or taxes having not been paid by PPL. However, the very crux of the dispute before the court is not whether the merits of the claim warrant opening of the claim after it has become absolute, but rather whether the claim is in fact absolute.

A second argument of the tax claim bureau is that even if the exceptions were timely filed, PPL is not entitled to a hearing before the tax claim bureau because the exceptions would "involve a question which could have been raised by an appeal provided by law" and that the excep-

tions are in fact on appeal as provided by law in the Pike County Court of Common Pleas, docket number 1151-Civil-1999. The reason the court refrains from specifically addressing this argument is that the issue of whether the exceptions constitute a duplicative appeal of the same issues already before the court is an issue that would have to be addressed if the exceptions are remanded to the bureau. Again, only the timeliness and not the merit of the exceptions are presently at issue in this case docketed to 68-Civil-2002.

### 3. ANALYSIS

Thus, the argument now having been limited to whether the exceptions were timely filed, the court must consider PPL's claim that the December 31 closure of the tax claim bureau should not operate to shut PPL out of a last-minute attempt to avoid the claim becoming absolute. The tax claim bureau argues in response that Monday, December 31, 2001, was in fact a legal holiday and supports that argument with an explanation of the adoption of holidays as duly authorized by the Pike County commissioners. The tax claim bureau also argues that the notice clearly stated that payment or filing of exceptions were to be *"before* December 31, 2001."

Each notice required by section 308 of the Real Estate Tax Sale Law is to state that a claim shall become absolute if payment or filing of exceptions is not made *"on* or before the thirty-first day of December . . . ." (emphasis added) Arguably, the exceptions would have been properly filed *as per the language of the statute,* had the tax claim bureau been open on December 31, 2001.

Thus, the question for the court to decide is the nature and effect of the tax claim bureau having been closed on December 31, 2001. PPL cites *Commonwealth v. Koeck,* 360 Pa. Super. 200, 520 A.2d 53 (1987), to stand for the proposition that when a county agency is closed for a local, non-legal holiday on the last day for filing, then filing on the next day the office reopens is considered timely.

In *Koeck,* the Superior Court reversed the lower court's granting of the Commonwealth's motion to dismiss an appeal from a summary speeding conviction. In that case, on the thirtieth (and last) day for the defendant to file an appeal, the prothonotary's office was closed for one-half of the thirtieth day. The Superior Court found an appeal filed on the thirty-first day was therefore timely.

The tax claim bureau argues that the *Koeck* case is inapplicable because it construes Pennsylvania Rules of Criminal Procedure and makes reference to Pennsylvania Rules of Civil Procedure, neither of which control the operation of the tax claim bureau. The court agrees that these rules may not "control" the tax claim bureau and its operations. Certainly the court claims no authority to issue a rule as to what days the tax claim bureau should be open. However, the *legal consequences* of the tax claim bureau's actions pursuant to an interpretation of a statute at issue in a civil case before a court of common pleas are most certainly bound by these rules.

Even if the court were to completely disregard the Rules of Civil Procedure, this court has reviewed the *Koeck* case in depth and has determined that the Superior Court's analysis had a much broader scope. The Su-

perior Court's analysis begins with the Rules of Construction concerning computation of time, which are identical to Rule 106 of the Pennsylvania Rules of Civil Procedure. However, they apply specifically to *all statutes.* 1 Pa.C.S. §1908 reads in part as follows:

"When *any period of time* is referred to *in any statute,* such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday *by the laws of this Commonwealth or of the United States,* such day shall be omitted from the computation." (emphasis added)

The statutory language plainly states that a legal holiday is a day so declared by the laws of the Commonwealth or of the United States. In the *Koeck* case, a local holiday declared by the court, while certainly duly authorized, was not a "legal" holiday for *the purposes of statutory construction.* This court is bound to the same analysis. Thus, although duly authorized and proper as a local holiday for the limited purposes in our present discussion, it is not a "legal" holiday unless the state or federal legislature has so stated.

This court need not investigate whether New Year's Eve was in fact a legal holiday as either analysis leads us to the same result—that being filing is permissible on the next open day. Had New Year's Eve not been a legal holiday, we must follow the case law from the Superior Court. In absence of any authority to the contrary having been presented, it appears that the Superior Court would find similar to its finding in *Koeck,* that "a locally

mandated non-legal holiday" is not a "proper legal holiday" and "must be treated as a break down in operation." Had New Year's Eve been a legal holiday, we would simply follow the statute for computation of time, and permit filing on the next non-holiday day to follow.

Although the days the tax claim bureau may be closed are not determined by the procedure of this court, as we previously stated, the interpretation of the legal consequences of a closure on a day specified by statute is entirely within this court's jurisdiction, The tax claim bureau was closed on a day which is specified by statute as the very last day for filing exceptions. Thus, PPL is entitled to file its exceptions even on that last day. The statutes and case law both direct us that filing on the next open day (following legal or local holiday) is permissible. Thus, the court must determine the exceptions were timely filed.

This court is not sympathetic to the risk PPL took by waiting until the literal last day to file its exceptions, particularly with the lengthy period of time with which it had to act after the notice and the extent of legal counsel at its disclosure. However, the statute holds no more entitlement for the filing of exceptions on October 31 than for the filing of exceptions on December 31. Thus, our consideration of PPL's reasons for such procrastination are not relevant to our consideration of their entitlement to be able to file exceptions on the last possible day. However, due to the multitude of docketed cases between the same parties that have yet to be resolved, it is necessary to stress to all parties involved that all good faith efforts should be made to avoid any situations which

lead merely to games of procedural chess than a proper resolution based on the merits.

### ORDER

Accordingly, January 31, 2002, upon consideration of the appellant, PPL Holtwood LLC's petition for appeal, and appellee, the Tax Claim Bureau of Pike County's answer to petition for appeal with new matter, and argument held thereon, the petition for appeal is granted. The exceptions are ordered timely filed and are remanded to the Tax Claim Bureau of Pike County.