J-S28010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES KENNETH ARRINGTON JR. | : | |
| | : | |
| Appellant | : | No. 1202 WDA 2022 |

Appeal from the PCRA Order Entered August 31, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001694-2018

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED: October 19, 2023**

James Kenneth Arrington Jr. appeals from the order dismissing his third, *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court found that Arrington's petition was untimely and failed to meet one of the enumerated exceptions to timeliness provided by the PCRA. After careful review, we affirm, based on our conclusion that Arrington's petition is patently untimely and fails to plead and prove an exception to the PCRA's timeliness requirement.

In 2020, Arrington pleaded guilty to possession of a mix of heroin and fentanyl with the intent to deliver and criminal use of a communication facility. The court sentenced him to 27 to 54 months' incarceration. Arrington did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

Arrington filed a first, timely PCRA petition on July 10, 2020, claiming that pursuant to his negotiated guilty plea, his sentence was to run concurrently with his sentence for a parole violation. **See** PCRA Petition, 7/10/20, at 4. Counsel was appointed and filed a supplemental PCRA petition. After a hearing, the PCRA court entered an order clarifying that Arrington's sentence in this matter began to run on January 9, 2020, and he was to receive credit for any time served. **See** Order, 12/9/20.

Arrington filed a second PCRA petition on June 1, 2021, claiming his sentence was illegal because it was entered without his presence, that his guilty plea was involuntary, and that PCRA counsel was ineffective. **See** PCRA Petition, 6/1/21, at 5. The PCRA court denied the petition and Arrington appealed to this Court. On appeal, this Court determined that the PCRA court's December 4, 2020 order was merely a clarification of Arrington's sentence and did not alter the deadline for filing a timely PCRA petition. **See** ***Commonwealth v. Arrington***, 937 WDA 2021 (Pa. Super. filed March 23, 2022) (unpublished memorandum). Therefore, Arrington's second PCRA petition was untimely and this Court, lacking jurisdiction to address the merits, affirmed the PCRA court's order. **See *id*.** at 7.

Arrington filed the instant PCRA petition on July 25, 2022. The *pro se* petition sought to advance claims of plea counsel's ineffectiveness for negotiating an illegal sentence. **See** PCRA Petition, 7/25/22, at 6-24. The PCRA court dismissed Arrington's petition as untimely, with no applicable exception to the PCRA's time-bar. **See** Order, 8/1/22. Further, the PCRA court

noted that Arrington's claims were addressed in his prior PCRA. ***See id***. Arrington filed this timely appeal.

When we review an order dismissing a PCRA petition we determine whether the decision is supported by the record and free of legal error. ***See Commonwealth v. Jarosz,*** 152 A.3d 344, 350 (Pa. Super. 2016). Here, the PCRA court determined it lacked jurisdiction to consider Arrington's petition because the petition was untimely and failed to prove an exception to the timeliness provision of the PCRA. ***See*** Order, 8/1/22.

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence becomes final. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). This time-bar implicates our jurisdiction, and we may not ignore it to assess the merits of a petition. ***See id***. A judgment of sentence becomes final when the direct review is complete or the time for seeking direct review expires. ***See id***.

Our review of the record reflects that Arrington's judgment of sentence was imposed on January 9, 2020. Arrington's judgment of sentence became final on Monday, February 10, 2020, when his time to file a direct appeal expired. ***See*** Pa.R.Crim.P. 720(A)(3) (providing for 30 days to file a direct appeal in the absence of a timely post-sentence motion); ***Commonwealth v. Koeck***, 520 A.2d 53, 54-55 (Pa. Super. 1987) (applying rules of construction where last day of period fell on day where court was only open for half of the day). The instant PCRA petition, filed on July 25, 2022, is patently untimely.

Nevertheless, a petitioner may overcome the time-bar when they allege in their petition and prove one of three exceptions. *See Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: that the claim was not raised previously due to interference by government officials; that the petitioner previously did not know, and could not have known through due diligence, the facts of the claim earlier; and that the petitioner is asserting a right which has been recognized since the judgment of sentence became final and has been held to apply retroactively. *See* 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii).

Here, Arrington briefly mentions timeliness and although he does not cite to the correct section of the PCRA, he claims a miscarriage of justice has occurred, violating his constitutional rights. *See* PCRA petition, 7/25/22, at 3. On appeal, Arrington seeks to invoke the newly discovered fact exception to the timeliness requirement. *See* Appellant's Brief at 2. Arrington claims that the Commonwealth's brief to this Court in his prior PCRA, agreeing that his sentence was illegal, constitutes a newly discovered fact. *See id*. at 3. In fact, Arrington first claimed that his sentence was illegal in his first PCRA petition, filed July 10, 2020. *See* PCRA Petition, 7/10/20, at 8.

Arrington claims that under *Commonwealth v. Kelley*, since his sentence is illegal, the PCRA's time-bar must be waived. *See* 136 A.3d 1007 (Pa. Super. 2016). In *Kelley*, this Court held that plea counsel was ineffective for negotiating a sentence with a specific start date without properly advising his client of the statutory sequence for serving a revocation sentence and a

new sentence under Section 6138 of the Parole Act. *See id*. at 1014. The Parole Act provides, in relevant part: "[i]f a new sentence is imposed …, the service of the balance of the term originally imposed … shall precede the commencement of the new term imposed … [i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution". 61 Pa.C.S.A. § 6138(a)(5)(1). Under this statutory authority, Arrington's "new state sentence simply cannot be served concurrently with his state parole violation sentence[.]" *Duncan v. Pa. Department of Correction*, 137 A.3d 575, 576 (Pa. 2016). And contrary to Arrington's claim, the petitioner in *Kelley* was litigating an ineffective assistance of counsel claim in a first, timely PCRA. *See* 136 A.3d 1007,1010-11 (Pa. Super. 2016). An illegality of sentence claim does not overcome the PCRA's time-bar. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. Super. 2007).

Arrington's jurisdictional claims do not fall under any of the three enumerated exceptions to the PCRA's time-bar and the PCRA court correctly determined it lacked jurisdiction over Arrington's petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/19/2023